(No. 3908—

ARCHIE BROWN, Claimant, vs. STATE OF ILLINOIS, Respondent.
Opinion filed April 24, 1947.

CLARENCE B. DAVIS, Attorney for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

The record consists of the following: complaint, departmental report, rule to show cause, transcript of evidence, amended complaint, statement, brief and argument

of claimant, transcript of additional evidence taken on December 27, 1946, claimant's exhibits 1, 2, and 3, commissioner's report, and reporter's bill for taking evidence.

The evidence discloses that the above named claimant, Archie Brown, on the 11th day of April 1944 was employed by the Secretary of State as a janitor, that on the last mentioned date, the claimant was a resident of Springfield, Illinois.

The record further discloses that this claimant while engaged in carrying boxes weighing approximately 75 lbs. each from a State garage on 2nd Street to another building located on 3d Street in Springfield, stepped into a hole thereby causing him to fall to the ground. That following said accident, the claimant immediately notified his superior and engaged Dr. I. B. English, a physician and surgeon with offices in Springfield, who treated the claimant from April 12 to April 15, 1944 for a hernia and recommended that claimant purchase and wear a truss. Claimant paid Dr. English, for medical attention, the sum of $6.00 and expended the sum of $12.50 for a truss.

The claimant testified that immediately after he slipped, as aforesaid, he suffered pains in the region of his stomach; that prior to said accident he had never suffered pains in that region; that he had never suffered a rupture prior thereto.

The evidence further discloses that claimant submitted to a physical examination by Dr. Percy C. May, physician and surgeon, Centralia, Illinois, who diagnosed his condition as a bilateral direct inguinal hernia and recommended surgery estimated as follows: surgeon fees, $150.00; anesthetist's fee, $10.00; laboratory fee, $5.00; hospital bill, $100.00, making a total of $265.00. He also

estimated that the operation would require claimant to be hospitalized for a period of about three weeks.

Claimant seeks an award for money expended by him for medical services to Dr. English and the amount expended for a truss, and the sum of $265.00 representing the estimated costs of surgeon fees, etc., in order to repair said bilateral hernia.

On the basis of this record we make the following findings: that the claimant and respondent were on the 11th day of April 1944 operating under the provisions of the Workmen's Compensation Act, that on the date last above mentioned, said claimant sustained accidental injuries which did arise out of and in the course of the employment and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act. That the earnings of the claimant during the year next preceding the injury are unascertainable for the reason that this record fails to disclose said earnings. That petitioner at the time of his injury was 75 years of age, a widower, and had no children under 16 years of age dependent upon him for support. That the necessary first aid and medical services were not furnished by respondent.

The Court further finds that said claimant sustained a bilateral inguinal hernia as a result of said accidental injury and that the respondent shall provide said claimant with the necessary medical and surgical and hospital services reasonably required to repair said hernia and to cure or relieve from the effects of the injury as provided in Paragraphs (a) and (d-1) of Section 8 of said Act, as amended. The Court further finds that said respondent shall pay to said claimant compensation based upon his annual earnings at the time of said injury during any

period of incapacity from work as a result of such operation as herein above ordered.

An award is hereby entered in favor of Archie Brown, the claimant herein, in the sum of Eighteen Dollars Fifty Cents ($18.50) representing an expenditure by him of $6.00 for medical services rendered to him and $12.50 expended by him for a truss.

The record discloses that Eileen Jones, a court reporter with offices in the First National Bank Building, Springfield, Illinois was employed to report and transcribe the evidence in support of this claim, making a charge therefor in the sum of $7.80. The Court finds these charges to be fair, reasonable, and customary in the community where the services were rendered.

An award is therefore hereby entered in the sum of Seven Dollars Eighty Cents ($7.80) for the use of Eileen Jones.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employees."